IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE WYATT, JR, <br>     ID # 00333787, <br>         Petitioner, | ) <br> ) <br> ) <br> ) | |
| vs. | ) <br> ) | No. 3:23-CV-1799-X-BH |
| JOE BIDEN, et al., <br>         Respondents. | ) <br> ) <br> ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on September 12, 2023 (doc. 7), the *Complaints* [sic] *Rule for Showers*, received on September 19, 2023 (doc. 10), the *Motion To Vacate Sentence*, received on September 12, 2023 (doc. 12), and the *Notice Attorney's fees motion*[s], received on August 14, 2023, August 21, 2023, and September 20, 2023 (docs. 13, 15-16), should be **DISMISSED**.

### I.     BACKGROUND

George Wyatt, Jr. (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), was convicted in 1982 of enhanced robbery in Case No. F82-75285 in the 282nd Judicial District Court of Dallas County, Texas, and sentenced to 75 years' imprisonment. *See State v. Wyatt*, F82-75285 (282nd Dist. Ct., Dallas Cty., Tex. Mar. 26, 1982), *aff'd*, No. 05-82-00411-CR (Tex. App.–Dallas July 13, 1983, pet. ref'd.). Petitioner filed two state habeas applications challenging his 1982 conviction and sentence that were denied by the Texas Court of Criminal Appeals on August 13, 1986, and July

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

21, 1993, respectively. *See Ex parte Wyatt*, No. 11,462-03 (Tex. Ct. Crim. App. Aug. 13, 1986); *Ex parte Wyatt*, No. 11,462-04 (Tex. Ct. Crim. App. July 21, 1993).

On March 22, 2002, his first federal habeas petition under 28 U.S.C. § 2254 was received. *See Wyatt v. Cockrell*, No. 3:02-CV-366-G, 2003 WL 124280, at *1 (N.D. Tex. Jan. 13, 2003). The § 2254 petition was dismissed with prejudice as barred by the statute of limitations. *See id.* at *1-3. His two subsequent § 2254 petitions challenging the same conviction and sentence were dismissed as unauthorized successive petitions. *See Wyatt v. Dretke*, No. 3:05-CV-0098-N, 2005 WL 659034 (N.D. Tex. Mar. 21, 2005), *rec. adopted*, 2005 WL 1025970 (N.D. Tex. Apr. 28, 2005); *Wyatt v. Texas*, No. 3:22-CV-815-L-BN, 2022 WL 1571313 (N.D. Tex. Apr. 14, 2022), *rec. adopted*, 2022 WL 1570744 (N.D. Tex. May 18, 2022).

Petitioner again challenges his 1982 conviction in his amended § 2254 on the following grounds:

> (1) I was violation [sic] my USA constitutation [sic] right to a jury trial in Dallas County Texas;
>
> (2) A violation of due process right to [Petitioner] and other rights USA constitutation [sic] of due care and due process of the law;
>
> (3) My records has being [sic] or has to wit be expunction [sic] of all of my criminal records by Judge [ ] in Dallas County Texas; and
>
> (4) I must stated [sic] only that the matter has been expunged Judge[.]

(doc. 7 at 6-7.) In his subsequent filings, he appears to also seek federal habeas relief from August 2022 denials by the Texas Board of Pardons and Paroles (BPP) of his requests for clemency and a pardon based on actual innocence. (*See* doc. 10 at 3-4, 6; doc. 12 at 1; doc. 13 at 1; doc. 15 at 1, 7; doc. 16 at 1.) His filings also appear to include civil claims and allegations unrelated to his conviction and sentence, or to the Texas BPP's denials. (*See* doc. 7 at 6; doc. 10 at 2; doc. 13 at 2, 4-6; doc. 15 at 2-4, 6, 8-11; doc. 16 at 2-5.) In this action, he seeks injunctive relief, monetary

compensation, including attorney's fees, and release from custody. (*See* doc. 7 at 7; doc. 10 at 1, 4-5; doc. 12 at 1; doc. 13 at 1, 3; doc. 15 at 1, 3, 7, 9; doc. 16 at 1, 3.)

## II.     1982 CONVICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in an earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment."). A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487-88 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a

previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Martinez-Villareal*, 523 U.S. at 645. A dismissal based on the statute of limitations as in this case, however, is considered an adjudication on the merits for determining whether a subsequent petition is successive. *See Higginbotham v. Barnes*, No. 21-60601, 2022 WL 795433 at *1 (5th Cir. Mar. 15, 2022) (citing *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009)).

Here, Petitioner challenges the same 1982 conviction and sentence that he challenged in a prior federal petition that was denied on its merits. (*See* doc. 7 at 6-7); *Wyatt*, 2003 WL 124280, at *1-3. Under *Hardemon* and *Crone*, he was required to present all available claims in that petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004), *rec. adopted,* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction and sentence.

Petitioner's § 2254 petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his initial federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C). To present a claim in a second or successive habeas petition

that was not presented in a prior petition, the petition must show that it is based on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [ ] the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2254 motion, it lacks jurisdiction to consider Petitioner's challenges to his 1982 conviction and sentence, and such claims are subject to dismissal. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Here, because Petitioner has filed multiple challenges to the same state conviction, his habeas claims challenging his 1982 conviction and sentence should be dismissed for lack of jurisdiction.

### III.   AUGUST 2022 DENIALS

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a PDR or an application for a writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir.

1986); *Richardson*, 762 F.2d at 432. A petitioner must also present his claims in a procedurally correct manner. *See Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Deters*, 985 F.2d at 795.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for a writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner appears to challenge August 2022 decisions of the Texas BPP denying his requests for clemency and a pardon based on actual innocence. (*See* doc. 10 at 3-4, 6; doc. 12 at 1; doc. 13 at 1; doc. 15 at 1, 7; doc. 16 at 1.) He has not fairly presented any challenges of the Texas BPP's decisions to the Texas Court of Criminal Appeals, however. His filings fail to identify any state applications for a writ of habeas corpus challenging the Texas BPP's decisions, and a review of the public records show that he has not filed any such state habeas application. *See* https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (search by Petitioner's name) (last visited September 21, 2023). The Texas Court of Criminal Appeals has not had a fair opportunity to consider the habeas claims raised by Petitioner relating to the Texas BPP's August 2022 decisions, and ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose,* 455 U.S. at 518 (stating that the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."). Any challenge to the Texas BPP's August 2022 decisions should be dismissed without prejudice for failure to exhaust state remedies.

## IV.   CIVIL CLAIMS

As discussed, Petitioner appears to raise several claims and allegations unrelated to his conviction and sentence, or to the Texas BPP's August 2022 denials, and he also seeks monetary and other relief. (*See* doc. 7 at 6-7; doc. 10 at 1-2, 4; doc. 13 at 1-6; doc. 15 at 1-4, 6-11; doc. 16 at 1-5.) These claims and requests for monetary compensation and other relief do not specifically challenge his custody.

Claims that do not challenge Petitioner's custody may not be raised in this habeas action. Courts may only consider federal habeas petitions under 28 U.S.C. § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). Petitioner's non-habeas civil claims may be liberally construed either as a civil rights action under 42 U.S.C. § 1983, or as a mandamus action under 28 U.S.C. § 1651 that must be raised in a separate civil action against the appropriate parties. Because Petitioner may only raise habeas claims in this habeas case, his non-habeas civil claims should be dismissed without prejudice to seeking relief in a separate civil action. *See Davis v. Valdez*, No. 3:15-CV-3952-D (BH), 2016 WL 749899, at *2 (N.D. Tex. Jan. 4, 2016), *rec. adopted*, 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).

If Petitioner wishes to pursue relief on any non-habeas civil claims, he must file a separate civil action using the appropriate forms and pay the applicable filing fees. The Prison Litigation Reform Act (PLRA) requires that <u>all</u> prisoners who bring a civil action pay the full $402 filing fee. *See* 28 U.S.C. § 1915(b)(1).[2] A prisoner who is granted leave to proceed *in forma pauperis* must

---

[2] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $52 administrative fee will not be deducted. *Id.*

7

still pay the full filing fee but is allowed to pay in installments that are automatically withdrawn from the prisoner's trust account. Because of the filing fee, which he must pay because he is barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in a civil action unless he shows that he is subject to imminent danger of serious physical injury, his filings are not liberally construed as seeking to open a new case at this time. Notably, Petitioner's habeas claims in this case were originally asserted in a civil action that had been dismissed based on the "three-strikes" rule. *See Wyatt v. Biden, et al.*, No. 3:23-CV-1211-X (N.D. Tex.).

## V. RECOMMENDATION

The *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on September 12, 2023 (doc. 7), the *Complaints* [sic] *Rule for Showers*, received on September 19, 2023 (doc. 10), the *Motion To Vacate Sentence*, received on September 12, 2023 (doc. 12), and the *Notice Attorney's fees motion*[s], received on August 14, 2023, August 21, 2023, and September 20, 2023 (docs. 13, 15-16), should be **DISMISSED**. Any habeas claims challenging his 1982 state conviction should be **DISMISSED** for lack of jurisdiction without prejudice to Petitioner's right to file a motion for leave to file a successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit; any habeas claims challenging the Texas BPP's August 2022 decisions should be **DISMISSED** without prejudice for failure to exhaust state court remedies; and any civil claims should be **DISMISSED** without prejudice to seeking relief in a separate civil action.

**SIGNED this 26th day of September, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE